Cupp *et al. v.* Ayers *et al.*  ·

---

No. 9965.

CUPP ET AL. *v.* AYERS ET AL.

DEFAULT.—*New Trial.*—That a party has been improperly defaulted is no cause for a new trial; and if the party defaulted afterwards plead without objection (the default having been vacated), he has no cause for any form of complaint.

WITNESSES.—*Competency.*—*Parties.*—*Decedents' Estates.*—Under the act of March 15th, 1879 (Acts 1879, p. 245; R. S. 1881, sec. 499), a plaintiff, being incompetent as a witness, could not call as a witness a defendant who had a common interest with the plaintiff, adverse to the other defendants.

SAME.—*Requirement of Court to Testify.*—*Case Overruled.*—The action of the court in overruling an objection to the competency of a witness is not equivalent to a requirement by the court that the witness shall testify. *Smith* v. *Smith*, 76 Ind. 236, overruled.

From the Huntington Circuit Court.

J. C. *Branyan,* C. W. *Watkins* and M. L. *Spencer,* for appellants.

B. M. *Cobb* and V. G. *Smith,* for appellees.

BLACK, C.—In an action commenced by John Sheets, administrator with the will annexed of Caleb Ayers, deceased, against the appellants Sarah Cupp and Allen Cupp, her husband, the court, on motion of the plaintiff and affidavit of Jonathan D. Ayers, before any appearance of the defendants, substituted Jonathan D. Ayers and Rebecca Ward as plaintiffs instead of said administrator, and made Mary Ayers and

Agnes Ayers additional defendants. The Cupps were de-, faulted, but during the same term, on their motion, the default was set aside.

Jonathan D. Ayers and Rebecca Ward, by leave of court, filed an amended complaint, alleging, in substance, that Caleb Ayers died testate, August 7th, 1879, leaving as his only heirs and devisees the parties, plaintiffs and defendants, to whom by his will he devised certain real estate described, in Huntington county, of which he died seized; that when said will was made he was of sound and disposing mind; that afterward, on the 24th of July, 1879, a few days before his death, the defendant Sarah Cupp, with the assistance and connivance of her co-defendant Allen Cupp, induced said testator to execute to her a deed of conveyance of said land and caused it to be recorded. It was asked that this deed might be set aside and declared null and void, because it was procured by fraud and undue influence, in that the grantor at the time of its execution was seventy-three years old, on account of which his mind had become impaired and unsound, rendering him incompetent to contract or be contracted with; that the defendants Cupp and Cupp, well knowing his condition as aforesaid, conspired together to impose upon, wrong and defraud him; and an artifice is described at great length, by which it was alleged the appellants procured the execution of said deed.

The defendants Cupp and Cupp answered by general denial; and the defendants Mary and Agnes Ayers filed their answer, admitting the facts set out in the complaint to be true, alleging that they were interested in the subject-matter of the suit, and asking judgment for costs.

Trial by jury; verdict for the plaintiffs. The defendants Cupp and Cupp made a motion for a new trial, which was overruled. Judgment was rendered setting aside said deed, as null and void.

The overruling of the motion for a new trial is presented for our consideration.

It was assigned as a cause for a new trial, that the court erred in defaulting the appellants on the complaint of Jonathan D. Ayers and Rebecca Ward, for want of *appearance, without process having been served upon appellants to answer said complaint.

Upon the motion of the appellants that default was set aside, and they without objection appeared and answered the amended complaint. They had then no longer any reason for complaining of the taking of the default, and it could not at any time have been a good ground for a motion for a new trial.

The plaintiffs introduced as witnesses the defendants Mary and Agnes Ayers, and the court permitted them, over the objections of the appellants, to testify as to matters which occurred prior to the death of said Caleb Ayers, and these rulings were assigned as grounds for a new trial.

At the time of this trial, the following proviso of the act of March 15th, 1879, Acts 1879, p. 245, was in force :

"That in all suits by or against heirs, founded on a contract with, or demand against the ancestor, the object of which is to obtain title to or possession of land or other property of such ancestor, or to reach or affect the same in any other way, neither party shall be allowed to testify as a witness, as to any matter which occurred prior to the death of such ancestor, unless required by the opposite party or by the court trying the cause," etc.

This proviso has been construed and applied in many decisions of this court. We think these decisions and the spirit of the statute bring the case at bar within the proviso quoted. See *Wiseman* v. *Wiseman,* 73 Ind. 112 (38 Am. R. 115), and cases there cited.

Though these witnesses called by the plaintiffs were made defendants, they were not "opposite" parties within the meaning of the statute. Their answer, as well as the complaint, indicated that their interest was adverse to that of the appellants, and was the same as that of the plaintiffs. By the provisions of the will the land in dispute was to go to the testa-

tor's wife for her life, and then was to be sold and the proceeds were to be divided in specified shares among the testator's children, named, the parties to this action, except Allen Cupp. The testator's wife died before the decease of the testator. All the parties to the action, except Mr. Cupp, were heirs. *Doe* v. *Lanius,* 3 Ind. 441; *Thompson* v. *Schenck,* 16 Ind. 194; *Peacock* v. *Albin,* 39 Ind. 25.

The appellants were interested in maintaining the deed in question. All the other parties were interested in setting aside the deed as void, for fraud upon the ancestor, so that the property might go as provided in the will. To hold that parties so interested alike in a common object might become "opposite" parties, so that they could be called by each other to testify, by some of them becoming plaintiffs and the others being made co-defendants with the really adverse parties, would be a palpable evasion of the statute. *Hunter* v. *Miller,* 17 Ind. 88; *Howard* v. *Howard,* 69 Ind. 592; *Nye* v. *Lowry,* 82 Ind. 316.

In *Smith* v. *Smith,* 76 Ind. 236, in construing the proviso of the act of 1867 in relation to the competency of parties to testify as witnesses, an executor or administrator being a party, it was said in reference to the action of the trial court in permitting an executor to testify: "The statute, 2 R. S. 1876, p. 133, sec. 2, provides, that 'where an executor * * is a party in a case, where a judgment may be rendered either for or against the estate represented by such executor, * * neither party shall be allowed to testify as a witness, unless required by the opposite party, or by the court trying the cause.' Where an objection to such testimony is overruled by the court, that is a sufficient indication of the intention of the court that the witness shall testify."

This is in conflict with the uniform ruling of the court through a long line of cases extending over many years, during which the Legislature, though from time to time amending the statute, gave no indication by its amendments that the court was construing the statute contrary to the legislative

intention. See Acts 1861, p. 51 (2 G. & H. 168); Acts 1865, Reg. Sess., p. 58; Acts 1865, Spec. Sess., p. 160; Acts 1867, p. 225 (2 R. S. 1876, pp. 132–35); Acts 1879, p. 225. See also R. S. 1881, secs. 499, 502, and Acts 1883, p. 102.

When the court in such a case permits a party to testify over the objection of an adverse party, the court is ruling upon a question of law presented by the objection, and is upholding a supposed right. If not required to testify by the opposite party the witness must be required by the court; otherwise he can not be allowed to testify, if objection be properly made; for only by objection made and sustained or overruled can the question of the admissibility of the evidence be raised. When the court overrules such an objection, it holds that the law permits the witness to testify without being required by the opposite party or by the court. It is not the judge, but it is the court, that is to say, the law, that speaks in the ruling.

Though the order of the court to the party to testify, where it is intended to require him to testify, may be made upon a suggestion proceeding from such party, or another party not adverse to him, it is made as the act of the court exercising a judicial discretion, and not by way of adjudging a right demanded by a party as such.

So far as *Smith* v. *Smith, supra,* is not in agreement with these views, it should be regarded as overruled. Other causes stated in the motion for a new trial are of such a character that they may not arise on another trial, and they need not be specified.

For the error in permitting the appellees Mary and Agnes Ayers to testify as to matters which occurred prior to the death of their ancestor, the judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellees.