Filed April 2, 1891.

---

No. 8.

## ALLEN *v.* JONES, EXECUTOR.

PAYMENT.—*Res Judicata.—Money Had and Received.*—A payment made upon a note merged in a judgment can not, after the rendition of such judgment, though upon default, be made the basis of an action for money had and received.

SAME.—*Judgment as Evidence.*—In an action against an estate for money had and received by the decedent, a record of an action brought by such decedent against the present plaintiff and others upon a note and mortgage, where it is a question in the present case whether the money in dispute was given by the plaintiff and received by the decedent as a payment upon such note and mortgage, is admissible on behalf of the estate; for if said money was in fact a payment, it would have constituted matter of defence in the action on said note and mortgage, and could not thereafter be made the basis of an action.

WITNESS.—*Competency.—Decedent's Estate.*—A claimant against an estate, where a witness has testified concerning an interview between the claimant and the decedent, can not testify, in rebuttal, as to what took place at such interview.

From the Montgomery Circuit Court.

*G. D. Hurley* and *M. E. Clodfelter*, for appellant.

*T. H. Ristine* and *B. T. Ristine*, for appellee.

BLACK, C. J.—This was a claim against the estate of Stephen Allen, deceased. The statement of the claim was in three paragraphs, the first two of which were withdrawn. The third was a complaint for money had and received by the testator to the use of the appellant.

There was a trial by jury, and a verdict for the appellee. The action of the court in overruling a motion for a new trial is presented for examination.

There was evidence under which the question went to the jury whether or not the appellant, in November, 1882, delivered to the testator the sum of nine hundred and fifty dollars, the money which the appellant claimed was received by the testator to the appellant's use.

It was also a question whether this sum, if delivered to the testator, was given and received as a payment upon a promissory note, and a mortgage on real estate securing the same, executed by the appellant to the testator in 1877.

It is insisted by the appellant that there was error in the admission in evidence, on behalf of the appellee, of the record of an action brought in February, 1885, by the testator against the appellant, and others, upon said note and mortgage, and other notes, with a mortgage on the same land securing them, executed by the appellant in 1875, and assigned to the testator in 1879, the complaint showing certain credits on the note executed in 1877, but none of the date or amount of this claim, in which action judgment was rendered against the appellant by default in May, 1885.

If the jury could find that the money was received by the testator, and if they should also find, as they might do under the evidence, that it was given and received as a payment upon the mortgage debt, the judgment in question would conclude the appellant. Such a payment would have constituted matter of defence in the action on the note and mortgage, and if not set up therein, it could not thereafter be made the basis of an action against the testator, or of a claim against his executor. That this would be true, notwithstanding the judgment was upon default, is well settled. Bigelow Estop. (5th ed.), 75 ; Freeman Judg., section 286 ; *Briggs* v. *Sneghan,* 45 Ind. 14 ; *Goble* v. *Dillon,* 86 Ind. 327.

Therefore, the record was admissible.

One of the witnesses for the appellee having testified concerning an interview between the appellant and the testator, at which the witness was present, the appellant becoming a

witness in rebuttal offered to testify as to what took place at that interview. Upon objection by the appellee this offered testimony was excluded. This was not error. The claimant is not a competent witness against the estate in such a proceeding as to a matter involved therein which occurred during the lifetime of the decedent, unless called by the adverse party, or required to testify by the court. Section 498, R. S. 1881; Acts of 1883, p. 102.

The appellant, discussing the instructions given to the jury, contends that where a judgment is taken by default upon a note, and payments made before suit are not credited therein, the plaintiff should be considered as retaining the money for the use and benefit of the judgment defendant, and should not be concluded by the judgment from a recovery of the money so paid.

What we have already said disposes of this matter, which constitutes the appellant's principal objection to the instructions.

The case appears, by the record, to have been tried carefully, upon a correct theory, and we find no error.

The judgment is affirmed, with costs.

Filed April 3, 1891.