Filed Oct. 16, 1891.

---

No. 176.

## NELSON, ADMINISTRATOR, v. MASTERTON.

DECEDENTS' ESTATES. — *Claim.*—*Contract for Services Within Statute of Frauds.*—Where the niece of a decedent makes her home with him in consideration that he will educate, clothe, and support her as his own daughter, and make her an heir to his estate, and he dies without making any provision for her, by will or otherwise, the agreement is void under the statute of frauds ; but it rebuts the presumption that the services were rendered gratuitously, and an action will lie on a *quantum meruit* to recover their value.

SAME.— *Value of Services.*—*How Estimated.*—In such case, the value of the

Nelson, Administrator, *v.* Masterton.

services performed, and not the value of the property agreed to be conveyed, is the measure of damages.

SAME.—*Opinion Evidence*—It is not error to permit witnesses who do not live in the immediate vicinity of the residence of the decedent to testify as to the value of the services, if before testifying they are told by the court that the question embraces the value of the services in the vicinity of the place where they were rendered, which might include the places where the different witnesses resided, if there was no difference in the value of such services at the different places.

WITNESS.—*Competency.—Transactions with Decedent.—Evidence in Rebuttal as to Admissions.*—In an action against an administrator for the value of services rendered his decedent, the claimant is not a competent witness in her own behalf as to matters occurring in the decedent's lifetime. Section 498, R. S. 1881. The fact that she only testified in rebuttal as to admissions proven to have been made by her under oath, as a witness in another cause, during the decedent's lifetime, does not render her a competent witness.

PRACTICE.—*Evidence.—Motion to Strike Out.*—Where an objection to the introduction of evidence has been withdrawn, the refusal of the court to strike out such evidence on motion presents no question for review.

From the Spencer Circuit Court.

*C. L. Wedding, E. M. Swain* and *C. B. Laird,* for appellant.

*H. M. Logsdon, W. C. Mason* and *H. Kramer,* for appellee.

ROBINSON, J.—The appellee filed a complaint, in the nature of a claim, against the estate of Charles G. Nelson, deceased, for work, labor and services performed during the lifetime of the decedent.

The answer was general denial and set-off. There was a trial by a jury, resulting in a verdict for the appellee. A proper allowance, or judgment, was rendered thereon against the estate of said decedent over a motion for a new trial.

The only error assigned is the alleged error of the circuit court in overruling the motion for a new trial. This motion assigned as causes for a new trial that the verdict was not sustained by sufficient evidence; that the verdict was contrary to law; that the damages were excessive; that the court erred in admitting and excluding certain evidence, and in

refusing to strike out certain evidence, and in permitting the claimant to testify to certain facts that she was not competent to testify to under the law; error of the court in modifying interrogatories requested by appellant to be propounded to the jury; error of the court in giving certain instructions and in making remarks to the jury concerning the testimony of certain witnesses in said cause.

The evidence clearly shows that the appellee based her claim against the decedent's estate upon the following facts: The appellee was a niece of the decedent, Charles T. Nelson, and when she was sixteen years of age the decedent took her home to live with him, under promise to her and her parents, that if appellee would go to his house and live with him she should take the place of his deceased daughter in his house and in his affections; that he would educate, clothe and support her as his own daughter, and would make her an heir to his estate equal to his two sons. Under this promise appellee went and lived in the home of the decedent, remaining there until he died. During the time appellee lived with decedent he frequently expressed an intention of providing for her by will or otherwise, so that she should be an equal heir in his estate with his two sons. The appellee so remained and continued to live with the decedent for a period of about six years, and did and performed her duties in such faithful manner as to meet and fulfil the expectations and desires of the decedent, but he died without making any provision for her by will or otherwise, or providing any means for her compensation.

There is no doubt, under the evidence, that it was in consideration of the promises of the decedent that appellee went to live with and made her home with the decedent.

The contract thus proven is void, and comes within the statute of frauds. It can not be enforced, but the facts thus proven rebut the presumption, which otherwise might have obtained, that the services rendered were to have been gratuitously performed, and that they were performed under the

expectancy that appellee would be compensated by the decedent making good the promises under which she entered into the employment. *Wallace* v. *Long*, 105 Ind. 522.

Under these facts it can not be said that the services rendered by the appellee were to be gratuitously performed, but, on the contrary, the presumption which otherwise might have obtained is rebutted, and appellee was entitled to recover the value of her services, and in estimating the value of the services regard should be paid to the situation of the parties and the nature of the services required or performed. In such case the value of the services performed, and not the value of the property agreed to be conveyed, is the measure of damages.

The evidence tends to sustain the verdict, and the damages do not appear to have been excessive.

The fifth cause assigned for a new trial calls in question the ruling of the court upon the admission of certain evidence on the trial of the cause over the objection and exception of the appellant.

D. M. Hammond, a witness on behalf of the appellee, was permitted to answer the following question :

" State what, if anything, Belle did in reference to controlling or having charge of the house."

The witness answered :

" I think I am safe in saying she had ; I know she had."

There was no error in the admission of this evidence.

Under the sixth, seventh, eighth, ninth, and tenth causes it is contended that the court erred in permitting certain witnesses, who did not live in the immediate vicinity of Grandview, the residence of the decedent previous to his death, and the place at which appellee rendered the service for which this claim was filed, to testify as to the value of the services rendered upon a state of facts assuming the nature, kind, and character of service done and performed by the appellee for the decedent. The testimony of these several witnesses was in answer to questions as-

suming, substantially, the same state of facts.    Before permitting said witnesses to answer the questions propounded, the court stated to such witnesses that it would not be proper to confine their testimony to the value of services to Rockport, or vicinity, or other points where said witnesses resided, if there was any difference in the prices there and at Grandview; but that the question embraced the value of such service in the vicinity of Grandview which might include the other points at which said witnesses resided, if there was no difference in the value of such service, which was for the witness to say; and with this explanation permitted the witnesses to answer said questions.    There was no error committed in admitting the evidence complained of in these several causes assigned for a new trial.

The eleventh cause for a new trial is error in the court in refusing to strike out, on appellant's motion, certain evidence introduced by the appellee. As the objection of the appellant was withdrawn to the introduction of said evidence, no question is, presented, under this cause in the motion for a new trial, for review by this court.

Under the thirteenth cause for a new trial, it is alleged that the trial court erred in admitting in evidence the testimony of the appellee as to her testimony on a former trial in the case of Lydia Huff against Charles T. Nelson, the decedent, during the lifetime, and in the presence of said decedent, and in admitting in evidence the testimony of the appellee as a witness in her own behalf in relation to her former testimony as a witness in the Lydia A. Huff trial, in the presence of the decedent, Charles T. Nelson, and as to what she had testified to on said trial, and in permitting her to testify that she did not remember of testifying in the said Huff trial that she was staying at the decedent's for her board and clothes, and that, if she did so testify on the Huff trial, that " Lydia Huff was staying there, just as I am, as a member of the family, for

my board and clothes; I meant by that, as I was staying there during the earlier time, in 1881 and 1882."

The question raised under this cause for a new trial will be better understood by reference to the facts as they appear in the record as connected with and affecting this particular question.

It appears that one Lydia Huff had been living with decedent in his lifetime, and that she commenced an action against him at the April term, 1883, of the Spencer Circuit Court for work and labor, care and attention performed and done for him during several years immediately previous to the commencement of said action; that said action was tried and determined on the 21st day of April, 1883, and that appellee was a witness and testified on the trial thereof in behalf of said decedent, who was then living.

On the trial of this cause the appellant proved by three witnesses that they were present at the trial of the case of Lydia Huff against Charles T. Nelson, the decedent, and that said Charles T. Nelson was present; that the appellee testified as a witness in said cause on behalf of said Nelson, and in his presence, " that Lydia Huff was living at Nelson's as a member of the family for her board and clothes, just as I am myself." When the evidence was concluded for appellant, appellee offered to testify as a witness in rebuttal in her own behalf, and the court, over the objections and exceptions of the appellant, permitted the appellee to testify as a witness in her own behalf as follows, to wit:

" It has been some time since that trial, but I don't remember saying anything of the kind; I don't think I said that; I don't think I testified that I was working for my board and clothes, but if I did I had reference to a year or one and one-half years before I went there."

The ruling of the trial court in permitting the appellee to testify as a witness in her own behalf comes within the rule stated in the case of *Cupp* v. *Ayers*, 89 Ind. 60, that " When

the court in such a case permits a party to testify over the objection of an adverse party, the court is ruling upon a question of law presented by the objection, and is upholding a supposed right. If not required to testify by the opposite party, the witness must be required by the court; otherwise he can not be allowed to testify, if objection be properly made; for only by objection made and sustained or overruled can the question of the admissibility of the evidence be raised. When the court overrules such an objection, it holds that the law permits the witness to testify without being required by the opposite party or by the court. It is not the judge, but it is the court, that is to say, the law, that speaks in the ruling."

If it was the right of appellee under the law to testify in her own behalf to the facts about which she did testify, she must have derived that right under section 498, R. S. 1881, which provides, " In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate."

Under this section the test of competency depends not so much upon the fact to which the adverse party is called upon to testify as upon the contract or matter involved in the issue in the case. Where the contract or matter involved in the suit or proceedings is such that one of the parties to the contract or transaction is by death denied the privilege of testifying in relation to such matter, the policy of the statute is to close the lips of the other also in respect to such matter. *Taylor* v. *Duesterberg*, 109 Ind. 165; *Allen* v. *Jones*, 1 Ind. App. 63.

These principles apply with much force to the question under consideration, and make clear the conclusion to which

we must necessarily arrive, that it was error to permit appellee to testify as a witness in her own behalf, and because she only testified in rebuttal as to statements proven to have been made by her under oath as a witness in the cause mentioned could not render her evidence competent. If so, she could have been permitted to have testified to and explained other statements proven on the trial to have been made by her in the presence of the decedent in his lifetime. She could only testify by being required to do so by the adverse party or by the court.

The evidence of the appellee was material and important to one issue in the case, which was that she was living with the decedent as a member of his family for her board and clothing. The evidence of the witnesses as to her statements under oath in the presence of the decedent as to the nature of the contract under which she was living with the decedent had a material and important bearing upon that issue.

There are other questions discussed by counsel under the causes assigned in the motion for a new trial, but having arrived at the conclusion that the case must be reversed for the error as indicated, we do not deem it necessary to pass upon and determine other questions.

The cause is therefore reversed, with instructions to grant a new trial at the costs of the appellee.

REINHARD, J., was absent.

Filed Oct. 16, 1891.