Filed March 16, 1893.

---

No. 774.

## MERRITT *v.* STRAW, ADMINISTRATOR.

APPEAL.— *Time of Taking.—Action by Administrator on Note.*—The time and manner of taking and perfecting an appeal, in an action by an administrator on a note executed to his decedent in his life-time, are governed by the code, section 633, R. S. 1881.

DECEDENT'S ESTATE.—*Competency of Witness.—Signature of Decedent.*—In an action by an administrator against the payor of a note executed to the decedent, such payor is not a competent witness to testify to the genuineness of the decedent's signature to a paper claimed to be genuine, to be used to show by comparison the genuineness of decedent's signature to a receipt of payment of said note.

SAME.—*Evidence.—Disputed Signature.—Comparison.*—Only such writings as are conceded to be genuine, can be used in such case for the purpose of comparison with the disputed writing.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellant.

*L. Chamberlain* and *P. L. Turner,* for appellee.

DAVIS, J.—The appellee, as administrator of the estate of John Merritt, deceased, instituted this action in the court below, against appellant, on a note executed by appellant to said John Merritt in his life-time.

Such proceedings were had that on the 18th of April, 1892, judgment was rendered in favor of appellee, against appellant, for one hundred and seventy dollars and nine cents.

The transcript of the record on this appeal was filed in the office of the clerk of the Supreme Court on the 22d day of December, 1892.

The appellee insists that the appeal is governed by section 417, Elliott's Sup., and has moved to dismiss the appeal because it was not prosecuted within the time prescribed by the statute. See also sections 2454, 2456 and 2457, R. S. 1881.

As applicable to the question now under consideration, we quote from a recent case decided by the Supreme Court, in which COFFEY, J., says:

"These statutes have been so often·construed by this court that there is now no room for doubt as to their meaning. The rule to be deduced from the decisions upon the subject is that in all proceedings under the law providing for the settlement of a decedent's estate, where the exercise of the probate jurisdiction of the court is invoked, the appeal is governed by sections 2454 and 2455, R. S. 1881; but in all actions authorized by the code, and not involving the exercise of the probate jurisdiction of the court, the appeal is governed by the code, and these sections have no application." *Koons, Admr.*, v. *Mellett*, 121 Ind. 585, and authorities there cited.

The appeal in this case is properly prosecuted under section 633, R. S. 1881, and the motion to dismiss is therefore overruled.

The only answer in the case was a plea of payment.

On the trial, which was by jury, after offering evidence tending to prove that the signature appended to a receipt was the genuine signature of John Merritt, the decedent, the defendant introduced and read the receipt in evidence in the words following:

ELKHART, IND., Feb. 17, 1891.

"Received of Ira Merritt payment in full to date for all claims and debts owing me.

"JOHN MERRITT."

The evidence was conflicting as to whether the name signed to the receipt was the handwriting of said John Merritt.

The appellant took the witness stand in his own behalf and was shown a letter or paper, and was asked to state whose genuine handwriting it was. Appellee objected to the question on the ground that appellant was not a competent witness under the statute.

Counsel for appellant then stated that he offered to prove by him, in answer to the question, that said exhibit was the genuine writing and signature of John Merritt, and, when such signature should be established, to use the same for the purpose of comparison with the signature to the receipt introduced before the jury, with the view of establishing the genuineness of such signature by comparison.

The only question discussed on appeal is whether appellant was a competent witness to testify concerning the genuineness of the signature of said John Merritt, which, the exhibits disclose, was attached to letters purporting to have been written by decedent to appellant in the years 1883 and 1889.

That part of the section (498, R. S. 1881) on the construction of which the decision of this question depends, is as follows:

"In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the life-time of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate."

The only authority cited by counsel for appellant is the case of *Daniels, Exec., v. Foster*, 26 Wis. 686, which he insists "is conclusive against the appellee upon the exact question here involved."

In the course of the opinion in that case, Chief Justice Dixon, the writer, says:

"The statute forbids the examination of a party, in his own behalf, in respect to any transaction or communication had *personally* by such party with a deceased person, against parties who are executors, administrators, etc., of the deceased."

After discussing the reason for the exclusion of the testimony of the living party, the court says, with reference to the admissibility of the testimony relative to the receipt and genuineness of certain letters, similar in many respects to proposed testimony in this case:

"The statute does not, unless by an interpretation obviously more liberal than its language and the plain intent of the Legislature will admit, exclude the testimony of these defendants; and so we must hold that it was admissible, and must be considered upon the question under consideration."

Whether the Wisconsin case is well considered, we need not decide. The decision is not applicable on the facts in this case under our statute.

In the Wisconsin case the important point was the genuineness of the letter. In this case the material question was the genuineness of the receipt. Whether the letters exhibited to the witness were genuine, was immaterial, unless appellant had the right, as claimed by his counsel, to prove that the signatures thereto were genuine, in order to use the same for the purpose of comparison with the signature appended to the receipt. Further, the Wisconsin statute is not so strict as ours. It does not seem to exclude the adverse party in interest in all cases. Our statute makes no exception in such case as is here presented.

In determining the competency of a witness, the accepted rule is not to regard the mere letter of the statute, but to look to its spirit and purpose, and, applying this

rule to the questions in controversy, no sufficient reason has been given to justify this court in holding that the ruling of the trial court, in excluding the proposed testimony, was incorrect. *Nelson, Admr.,* v. *Masterton,* 2 Ind. App. 524; *Allen* v. *Jones, Exec.,* 1 Ind. App. 63.

Moreover, aside from the question as to the competency of appellant as a witness, the law is well settled that only such writings as are conceded to be genuine can be used in such case for the purpose of comparison with the writing in dispute. *Swales* v. *Grubbs,* 126 Ind. 106; *Walker, Admr.,* v. *Steele,* 121 Ind. 436.

The letters referred to in this case were not conceded to be genuine. If some competent witness had testified that they were genuine, they could not have been used either by witnesses or the jury for comparison with the receipt. There are, it is true, instances in which comparisons may be made between the writing in dispute and other writings which have been introduced in evidence by the adverse party, but the principles which underlie that class of cases can not be invoked in behalf of appellant, on the facts disclosed by the record in this case.

Judgment affirmed.

Filed March 16, 1893.