## ZIMMERMAN, ADMINISTRATOR, v. BEATSON ET AL.

[No. 5,722. Filed December 13, 1906. Rehearing denied February 20, 1907. Transfer denied March 21, 1907.]

1. WITNESSES. — *Competency.* — *Decedents' Estates.*—*Executors and Administrators.*—In an action by an administrator for the conversion, by defendants, of money belonging to the decedent, such defendants are not competent witnesses as to any matters which occurred prior to decedent's death, but may testify to things occurring after such death. *Michigan Trust Co.* v. *Probasco,* 29 Ind. App. 109; *Taylor* v. *Duesterberg,* 109 Ind. 165, and *Durham* v. *Shannon,* 116 Ind. 403, distinguished. p. 666.

2. EVIDENCE. — *Family Settlement.* — *Decedents' Estates.*—*Conversion.*—Evidence that the members of the family of a decedent met after his death and had a family settlement of his personal property, is admissible in an action by the administrator against such persons for the conversion of such property. p. 668.

3. SAME. — *Admissions.* — *Settlement.* — *Decedents' Estates.*—A declaration by a member of a family that he had settled his share in the personalty of a decedent is not admissible as an

admission of a party, as against the administrator, in an action against such members for the conversion of decedent's property, since such admission is not admissible as against all parties whom the administrator represents. p. 668.

4. WITNESSES.—*Impeachment.—Contradictory Statements.*—Admissions of one party to a joint cause which are not admissible in the case as an admission, because not competent against the others, may be availed of by calling such party as a witness and then by producing such declarations to impeach him. p. 669.

5. APPEAL. — *Trial.* — *Reserved Question of Law.* — When an appeal is taken upon a reserved question of law, only so much of the evidence as is necessary to present such question, is necessary. p. 670.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Action by Rudolph V. Zimmerman, as administrator with the will annexed, of David Bowers, deceased, against Joseph Beatson and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Walker & Foster, Albert C. Carver, Mason & Jackson* and *Forkner & Forkner,* for appellant.

*William W. Cook* and *Arthur H. Jones,* for appellee.

ROBY, J.—Appellees, Beatson and Beatson and Mary Bowers, who departed life May 25, 1900, are charged in appellant's complaint with having converted to their own use personal property consisting of coin and bills, amounting to $40,000, which is averred to have belonged to David Bowers at the time of his decease, on May 6, 1898. David Bowers left surviving, his widow, Mary, who was a third wife, and five children, of whom Elizabeth J. Beatson is one, her coäppellee being her husband. The Beatsons lived with Mr. and Mrs. Bowers, and the claim is that the money in question was in their house at the time named, and has since been kept by them, although demanded by the appellant administrator. The issue of fact was formed by general denial, and twice submitted to a jury, the first trial resulting in a disagreement and the second one in a

verdict for the defendants, upon which judgment was rendered.

Two propositions are relied upon for reversal of this judgment, both presented by the assignment that the court erred in overruling appellant's motion for a new trial, and both based upon the action of the court in admitting evidence.

The existence of the moneys alleged to have been converted was denied. Appellant introduced evidence tending to show that David Bowers, in his lifetime, kept a 1. large sum of money in his bedroom, to the knowledge of his wife and appellees Beatsons; that upon his death the widow took possession of and kept it, and upon her death the Beatsons took it. There was evidence tending to establish the nonexistence of such sum of money, and the defendants Beatson and Beatson were, over the objection of appellant, permitted to testify in detail regarding the habits, business methods, and possessions of appellant's decedent. The close and intimate relations which they sustained to him enabled them to testify with persuasive plausibility to facts which were entirely inconsistent with the possession by him of any large sum of money at, or prior to, the time of his death. The objection to the competency of these witnesses is based upon §506 Burns 1901, §498 R. S. 1881, and presents the first question for decision.

By the terms of such statute it is provided that "in suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the life-time of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate."

The appellees Beatson were parties both to the issue and record, their interest was adverse to that of the estate, the

administrator was a party, and they were, by virtue of the statute quoted, not competent witnesses as to "matters which occurred during the lifetime of the decedent." The administrator charged them with retaining money. belonging to the decedent, the title to which had passed to the personal representative of said decedent. In *Michigan Trust Co.* v. *Probasco* (1902), 29 Ind. App. 109, the purpose of the action was to secure to an estate property with regard to the existence of which there was no dispute, the controversy being only as to its ownership. In this case there is no controversy, or a minor one at most, as to ownership, the existence of the thing alleged to have been converted being the issue. The very thing involved is the conversion of money after the death of David Bowers. With regard to this said appellees were competent witnesses, it not being a matter which occurred during the lifetime of the decedent. Whether the decedent had any such personal property while he was living was "a matter involved" in the litigation, since unless he did have it the administrator could not succeed to its ownership nor the appellees convert it. If David Bowers were living, and the question of his possession of such property were being then litigated, as it now is, said appellees might testify exactly as they did in the trial, and, in the absence of other evidence, a finding that there was no such property might be made, but the decedent alive could also testify relative to occurrences detailed by them, and his statement added thereto might make a much different question from that presented in his absence. The matters testified to occurred during the lifetime of the decedent, and the necessary conclusion is that the statute rendered the witnesses incompetent.

In *Taylor* v. *Duesterberg* (1887), 109 Ind. 165, the matter under investigation was the *bona fides* of a transaction between a debtor and his wife, the decedent who was a creditor not being a party thereto, it was held that the administrator could not invoke §506, *supra,* to exclude tes-

timony relative to said issue.   No administrator or estate was a party in the case of *Durham* v. *Shannon* (1888), 116 Ind. 403, and the decision is expressly placed upon the ground that neither of the parties to the litigation in any sense represented the estate collaterally concerned.   Neither of these cases is in point in the case at bar, and while the question is a difficult one, the decision of which may work hardship, the courts cannot do otherwise than to take the statute as it is written.

There was evidence tending to show that a few days after the death of David Bowers, his widow and children met at his home and divided among themselves, certain of his real estate and personal property.   It was contended by appellant that there was evidence tending to show that it was then agreed between the heirs and the widow that the money on hand and in her possession should remain in her possession undivided until the other personal estate was settled up and divided.   There is also evidence tending to show that this settlement was in full of the interests of the various parties to the personal property of said decedent.   Evidence as to what was done at this meeting, and as to what the agreement and proceeding there entered into actually was, was relevant.   Two persons present were James E. Bowers and David W. Bowers, both children of the decedent.   The court permitted testimony to be introduced, over objection and exception, of statements by each of said persons to third parties, to the effect that they had "about settled their estate;" that they "had settled their estate at a cost of $5."   This evidence was introduced, not by way of impeachment, but as an admission of interested parties.   The children of David Bowers were not parties to the action.   *Michigan Trust Co.* v. *Probasco* (1902), 29 Ind. App. 109, 123.   They could not control it and their interest in the result was a contingent one.   Such contingent interest was not a joint but a several interest and the statements referred to constituted no more

than hearsay evidence. *Gaar, Scott & Co.* v. *Shaffer* (1894), 139 Ind. 191; *Merchants Life Assn.* v. *Yoakum* (1899), 98 Fed. 251, 39 C. C. A. 56; *Dickinson* v. *Clarke* (1872), 5 W. Va. 280; *Gray* v. *Cottrell* (1832), 1 Hill (S. C.) *38; 1 Elliott, Evidence, §248, note 35.

In the case of *Hart* v. *Miller* (1902), 29 Ind. App. 222, it was held that a guardian occupies a position analogous to that of an agent for an adult, and that the declarations of the ward were therefore receivable in evidence as those of the real party in interest.

In the case at bar the administrator represents the interest of creditors as well as that of heirs, while the fact that there are a number of heirs would render it impossible for admissions of one of them to be received against the administrator without thereby militating against the interests of the other heirs, as against whom such admissions are clearly incompetent. Neither would it be possible to limit the effect of the admission, since it must operate, if at all, against the administrator and not directly against the individual · making it.

The parties may be called as witnesses to the transaction, and they may be impeached by proof of inconsistent statements, but such statements cannot be introduced in the form of admissions.

Judgment reversed and cause remanded, with instructions to sustain appellant's motion for a new trial, and further consistent proceedings.

### ON PETITION FOR REHEARING.

RABB, J.—It is insisted by the appellees in their petition for a rehearing in this cause that their petition should be granted and the judgment of the court below affirmed, for the reason that all the evidence given upon the trial of this cause is not before this court, and that therefore it does not affirmatively appear from the record that error was committed; that for aught this court can know, it was shown

without conflict, by the evidence upon the trial, that the plaintiff was not entitled to recover, and that the admission of the evidence complained of on the trial of the cause was a harmless error.

The case is before this court upon a reserved question of law and the record is made up under the provisions of §642 Burns 1901, §630 R. S. 1881. The bill of exceptions properly only presents to this court so much of the record as is necessary to present the question involved in the decision, and the bill itself shows that evidence was introduced tending to prove the facts averred in the plaintiff's complaint. This being so, it affirmatively appears from the record that if the court erred in permitting the defendants to testify to matters transpiring in the lifetime of the plaintiff's intestate, the error was harmful, and necessarily requires the reversal of the cause. Appellee's argument in support of their petition is a repetition of their argument upon the original hearing, supported by the same citation of authorities there relied upon, and none other, for an affirmance of the judgment, and all of which were carefully weighed and considered by this court on the original hearing.

Petition for a rehearing overruled.

Roby, P. J., Watson, Comstock and Hadley, JJ., concur. Myers, C. J., absent.