## WAINWRIGHT TRUST COMPANY, ADMINISTRATOR, *v.* STERN ET AL.

[No. 10,428.   Filed January 7, 1920.]

1. DEEDS.—*Delivery.*—*Record Prima Facie Evidence.*—*Rebuttal.*— The fact that a deed has been duly recorded in the recorder's office after signature and acknowledgment by the grantors, constitutes *prima facie* delivery and acceptance by the grantees, which may, however, be rebutted by evidence showing that there was in fact no delivery of the instrument.   p. 117.

2. WITNESSES.—*Transaction With Decedent.*—*Incompetency.*—In an action involving the question of delivery of a deed by defendant, the grantor, to plaintiff's intestate, the minor son of defendant, one of grantees, testimony by defendant that the deed had never been delivered to the decedent, but had at all times been held by the witness, *held* reversible error under §521 Burns 1914, §498 R. S. 1881, as involving matters that took place during the lifetime of decedent and as coming from a witness who was a party, adverse in interest to the estate.   p. 118.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by Wainwright Trust Company, administrator of the estate of Everett Lewis Bell, deceased, against Eva Lois Stern and others. From a judgment for appellee Bell, the plaintiff appeals.   *Reversed.*

*Cassius M. Gentry* and *Frank L. Campbell,* for appellant.

*Fred E. Hines,* for appellees.

REMY, P. J.—Suit by appellant, under §1243 Burns 1914, Acts 1897 p. 125, against the appellees to quiet title to, and for the partition of, certain real estate. Disclaimers were filed by appellees Stern and Sopher. Appellee Bell filed answer in denial, also cross-complaint asserting title to the real estate in controversy,

and asking that his title thereto be quieted. Appellant's answer in denial to the cross-complaint closed the issues. Trial by court resulted in a finding and judgment for appellee Bell.

It will not be necessary to consider any of the assigned errors except the alleged error of the trial court in overruling appellant's motion for new trial, and only the specification in such motion that the court erred in the admission of certain evidence.

The facts shown by the evidence which are not in dispute are as follows: On May 2, 1901, appellee Bell and his wife signed and acknowledged what purported to be their warranty deed conveying certain real estate, including the real estate in controversy, to their three minor children, to wit, Everett L., Eva and Elizabeth. The deed was in proper form and was duly recorded in the recorder's office on December 12, 1901. On November 12, 1917, and before any of the persons named in the deed as grantees had arrived at the age of twenty-one years, said Everett L. died intestate, and thereafter the Wainwright Trust Company was appointed administrator of his estate.

Appellee Bell's said daughters Eva and Elizabeth, who were also named as grantees in said deed, are the other appellees herein, both daughters having married after the execution of the deed, and before the commencement of this suit.

The only controverted fact at the trial was as to the delivery of said deed, it being the contention of appellee Bell that there had been no delivery

1. of the instrument. The fact that the deed had been duly recorded in the recorder's office after it had been signed and acknowledged by the

grantors named therein constituted a *prima facie* delivery and acceptance by the grantees. *Colee* v. *Colee* (1890), 122 Ind. 109, 23 N. E. 687, 17 Am. St. 345. This *prima facie* delivery and acceptance may, however, be rebutted by evidence showing that there was in fact no delivery of the instrument. *Townsend* v. *Millican* (1913), 53 Ind. App. 11, 101 N. E. 112.

During the progress of the trial, appellee Bell, as a witness in his own behalf, was permitted, over appellant's objection, to testify that said deed

2. had never been delivered to said decedent, but had at all times been in possession of witness. The competency of Bell as a witness to testify to such facts was challenged on the ground that the testimony was as to a transaction between witness and decedent which had taken place during the lifetime of the decedent; witness being a party to the suit, and whose interest was adverse to the estate. The admission of the testimony was reversible error. §521 Burns 1914, §498 R. S. 1881; *Reddick* v. *Keesling* (1891), 129 Ind. 128, 28 N. E. 316; *Taylor* v. *Duesterberg* (1887), 109 Ind. 165, 9 N. E. 907; *Zimmerman* v. *Beatson* (1907), 39 Ind. App. 664, 79 N. E. 518, 80 N. E. 165.

Judgment reversed, with instructions to grant a new trial.