## MORGAN, EXECUTOR *v.* WINSHIP.

[No. 10,227. Filed February 3, 1920.]

1. APPEAL.—*Instructions.—Refusals Covered by Instructions Given. —Trial.*—No complaint as to the refusal of an instruction can be made where its various points are fully covered by other instructions given. p. 474.

2. APPEAL.—*Instructions.—Inapplicable to Evidence.—Trial.*—It was not error to refuse an instruction as to the presumption raised by a settlement of a certain nature where there was no evidence of such a settlement. p. 474.

3. APPEAL.— *Instructions.— Modification.— Trial.*— There is no cause for complaint because of the modification by the court of a requested instruction by striking out a portion thereof where the instruction as given was sufficient, under the evidence, as to the subject covered by the request. p. 475.

4. EXECUTORS AND ADMINISTRATORS.—*Suit for Services Rendered Decedent.—Measure of Damages.—Evidence of Value of Property Promised.—Admissibility.*—While in a suit for services rendered a decedent, recovery can only be had upon the *quantum meruit*, evidence of the value of property which the plaintiff claimed decedent had promised to devise to her is admissible when limited by the court to the question of whether or not there was a promise to pay plaintiff any amount above what the evidence showed had been paid her, and not for the purpose of determining such amount. p. 475.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Claim by Clara Winship against the estate of

Martha A. Sadler, deceased, Erie C. Morgan, executor. From a judgment for claimant, the executor appeals. *Affirmed.*

*J. L. Shelton* and *W. E. Jeffrey,* for appellant.

*Newby & Newby* and *Forkner & Forkner,* for appellee.

Nichols, C. J.—This action was commenced in the court below by appellee filing a claim against the estate of appellant's decedent, Martha A. Sadler, in the clerk's office of said court, for services rendered to decedent in her lifetime, demanding for such services $1,960. The claim, which was verified, was disallowed by appellant, and under the statute was carried to the issue docket. The cause was submitted to a jury for trial, and a verdict in the sum of $1,800 was returned in favor of appellee. From this verdict, after a motion for a new trial was overruled, appellant prosecutes this appeal. The only error assigned is the court's ruling in overruling appellant's motion for a new trial.

Appellant complains that the court erred in refusing to give his first tendered instruction, which would have instructed the jury that appellee must

1. have a fair preponderance of all of the evidence to recover, and that if the evidence is evenly balanced appellee must fail. The first of these points was fully covered by the court's instruction No. 2, and the second by the court's instruction No. 4.

Appellant next complains of the court's modification of appellant's instruction No. 5, by striking therefrom the following: "A settlement with a

2. party for services for any particular period of time, raises the presumption of payment for all labor or services previously performed by such

party, and to raise this presumption there need not have been a general settlement of all accounts between the parties." We find no evidence of such a settlement as would justify such a statement in a charge.

Appellant next complains that it was error for the court to modify appellant's instruction No. 6, by striking therefrom the following: "The decedent's promptness or want of promptness in paying her current accounts and the manner and time of paying other agents and servants in her employ, if any." The court's instruction No. 8, which was the same as appellant's instruction No. 6, omitting therefrom the above quotation, was as follows: "In determining whether the defendant's decedent paid and satisfied the plaintiff's claim, in her lifetime, it is proper for you to consider the relation of the parties, the nature and kind of services rendered by the plaintiff, the management and control of the decedent's banking account, the permission and authority of the decedent to allow the plaintiff to draw checks thereon, in the name of the decedent, for and on behalf of the plaintiff as well as other servants and employees of the decedent, the amount and extent of the decedent's property and her ability to pay or the lack thereof, and any and all credits given by the plaintiff in making up the claim filed in this cause, together with all the other evidence given in the cause." This was a sufficient instruction, under the evidence, as to decedent's habits in the management of her current accounts.

Appellant complains that appellee was permitted to prove the value of the certain property which appellee claimed the appellant's decedent had promised to devise to her. Appellee states that it is the law that, where one agrees to make a testa-

mentary provision and receives services on account thereof, in a suit for the services rendered, if recovery is had, it is upon the *quantum meruit* and not for the value of the property agreed to be conveyed, and that in such cases the value of the services performed, and not the value of the property conveyed, is the measure of damages, citing as authorities *Nelson, Admr.* v. *Masterton* (1891), 2 Ind. App. 524, 527, 28 N. E. 731; *Smith, Admr.* v. *Lotton* (1892), 5 Ind. App. 177, 21 N. E. 816; *Forester* v. *Forester* (1894), 10 Ind. App. 680, 38 N. E. 426; *Wallace, Admr.* v. *Long, Gdn.* (1886), 105 Ind. 522, 5 N. E. 666, 55 Am. Rep. 222. The proposition of law is correct and sustained by the authorities cited by appellant, but the court, in admitting the evidence, stated that it was admitted only as going to the question as to whether or not there was a promise to pay the plaintiff an amount in addition to what the evidence shows the plaintiff had been paid, if anything, and not for the purpose of determining the amount. The court stated further, in the presence of the jury, that the plaintiff is entitled to recover, if she is entitled to recover at all, the reasonable value of the services rendered the decedent, but that she was not entitled to recover an amount based upon the value of the property.

Appellant finally contends that the amount of recovery was too large. We have examined the evidence pertaining to the amount recovered, and we hold that it fully sustains the verdict of the jury.

The judgment is affirmed.