DAVISSON, EXECUTOR, *v.* MAGEE.

[No. 11,716.   Filed February 29, 1924.   Rehearing denied May 16, 1924.   Transfer denied January 16, 1925.]

WITNESSES.—*Claimant against estate for services performed for decedent incompetent to testify as to such services.*—Under §521 Burns 1914, a claimant against an estate for the value of services performed for the decedent is not competent to testify as to the various things done by him for decedent during the latter's lifetime, although they were matters of common knowledge open to the general observation of the friends and acquaintances of the decedent, and were not direct transactions between the claimant and decedent.

From Starke Circuit Court; *William C. Pentecost,* Judge.

Claim of Rufus L. Magee against the estate of Elizabeth A. Kittinger, represented by Schuyler C. Davisson, Executor.    From a judgment for claimant, the executor appeals.    *Reversed.*

*Oscar B. Smith, Harry W. McDowell* and *Long & Yarlott,* for appellant.

*Horner & Thompson, George Burson* and *William J. Reed,* for appellee.

NICHOLS, J.—Appellee filed a claim against the estate of appellant's decedent in the sum of $7,600, for services in the management and control of decedent's property, business and personal affairs, and particularly in looking after two farms she owned and her residence property during the period of twelve years. The claim was disallowed by appellant.    There was a trial by jury and verdict for appellee in the sum of $3,800, upon which judgment was rendered.

The error assigned is the court's action in overruling appellant's motion for a new trial.

Appellant presents but one question in this court and that is as to whether appellee was a competent witness upon the trial of the cause to testify, in support of his claim, to material and relevant matters and things which occurred during the lifetime of the decedent. This question is presented by a bill of exceptions under the provisions of §669 Burns 1914, §630 R. S. 1881, as a reserved question of law.

The evidence objected to is set out in the bill of exceptions, and embraces appellee's statement of the time that he worked for the husband of appellant's decedent, and the character of the services that he rendered, of the partnership formed between him and the decedent's husband which continued until the death of the hus-

band, and thereafter for more than twelve years. He was permitted to describe the home of the decedent at the time of the death of her husband and improvements that were thereafter made thereon. He was also permitted to give a description of two certain farms owned by the decedent and of the improvements and repairs that were made thereon in which testimony he repeatedly injected the fact that he participated in such improvements, though he was instructed both by his counsel and the court not to testify to the things that he had done.

Appellant has caused to be filed by writ of *certiorari* an amended or additional bill of exceptions which presents in detail the evidence objected to, together with the objections made and exceptions taken. It must be conceded that there was want of care in making objections and in taking exceptions, still we think that they were sufficient to present the question here involved. It is clear that the trial court understood the objections that appellant was making, for it states in the original bill of exceptions that "said defendant at the same time objected to each question propounded to said witness, Rufus L. Magee, testifying in his own behalf, for the reason that said witness was not a competent witness under the statute, to testify as to any matters or things relative to the issues which occurred during the lifetime of the decedent." It also appears in such original bill that each objection was overruled and that thereupon appellant moved to strike out each of the answers made by the witness and that such motion was overruled, to which ruling appellant excepted.

Section 521 Burns 1914, §498 R. S. 1881, provides that: "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for

or against the estate represented by such executor or administrator, any person, who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate." Appellee contends that under the construction put upon this section of the statute by the courts, a claimant against an estate, in accordance with the spirit and intent of the statute, is competent to testify as to matters occurring in the lifetime of the decedent which were matters of common knowledge, open to the general observation of the friends and acquaintances of the decedent, and which were not direct transactions or conversations between the claimant and the decedent, and were not matters of such a nature as to be known only to the claimant and decedent. To sustain this contention, appellee cites as his first authority *Lamb* v. *Lamb* (1886), 105 Ind. 456. That case was one involving the contest of a will because of the unsoundness of mind of the testator, and the court held that the question of the soundness or unsoundness of mind was fully open to investigation by both parties, and permitted appellees to testify as witnesses to the mental soundness of the testator, basing their opinion upon matters about which they testified that occurred prior to the death of the testator. It was there held that there is nothing in the spirit of the statute, being §522 Burns 1914, §499 R. S. 1881, and certainly nothing in the letter, which excludes parties from testifying respecting matters open to the observation of all the friends and acquaintances of the deceased. But the court, in the course of its opinion, said: "We think that statute does not apply to such a case as this, but that it applies to cases where a claim is asserted against a decedent's estate, or where a claim asserted by the representative of the decedent is resisted." While the court was speaking with reference to §522 Burns 1914,

*supra,* the provision as to the incompetency of witnesses therein is substantially the same. as §521 Burns 1914, *supra,* here involved.    Numerous authorities are cited by appellee that involve the question of the mental capacity of those executing wills.    While in each of these cases, witnesses were permitted to testify as to their observation of and relations with the person whose mental capacity was in question, the jury was permitted to consider such testimony only for the purpose of throwing some light upon the mental condition, and not as evidence of substantive facts.    But in the instant case, the trial court, speaking of the evidence in question, says in the bill of exceptions:    "The matters and things testified to by claimant Rufus L. Magee were material to the issues presented by pleadings in said cause, and that defendant introduced evidence in opposition and answer to the allegations of claimant's claim and in opposition to the proof submitted by him in support thereof."

In *Zimmerman* v. *Beatson* (1906), 39 Ind. App. 664, appellees were charged with converting certain moneys which belonged to appellant's decedent.    There was evidence of the nonexistence of such money, and appellees were permitted to testify in detail regarding the habits, business methods and possessions of appellant's decedent.    This evidence was held to be incompetent and the judgment was reversed by this court by reason thereof.    The matters there testified to were as much open to common observation as were the matters and things testified to in the instant case.    There are numerous other authorities sustaining appellant's contention, among which we cite *Nelson, Admr.,* v. *Masterton* (1891), 2 Ind. App. 524; *Hudson* v. *Houser, Admr.* (1890), 123 Ind. 309; *Taylor* v. *Duesterberg, Admr.* (1887), 109 Ind. 165; *Castor* v. *McDole* (1923), 80 Ind. App. 556, 137 N. E. 889.

In the Nelson case, the general rule of this State, as established by the decisions of this court and the Supreme Court is thus stated: "Where the contract or matter involved in the suit or proceedings is such that one of the parties to the * * * transaction is by death denied the privilege of testifying in relation to such matter, the policy of the statute is to close the lips of the other also in respect to such matter." It was error to permit appellee to testify concerning the matters mentioned.

Judgment reversed, with instructions to grant a new trial.