HENSLEY, ADMINISTRATOR, v. REICHERT.

[No. 12,066. Filed May 12, 1925. Rehearing denied June 26, 1925.]

1. WITNESSES.—*Defendant incompetent as a witness against an estate in action by administrator to recover money loaned to defendant by decedent.*—The defendant in an action by an administrator to recover money loaned to the defendant by decedent is not competent to testify that he did not receive the money from the decedent as testified by a witness for plaintiff, §551 Burns 1926, §498 R. S. 1881, making a party adverse to a decedent's estate incompetent to testify against the estate. p. 336.

2. WITNESSES.—*Defendant incompetent to deny testimony of witness for plaintiff that defendant received money from decedent, in an action by administrator to recover such money.*— In an action by an administrator to recover money loaned to defendant by decedent, the fact that a witness for the plaintiff had testified that the defendant, in the presence of the witness, had received the money from decedent, and had given the conversation which took place between defendant and decedent at the time, would not make the defendant a competent witness to deny such testimony. p. 336.

3. WITNESSES.—*Party adverse to estate, when competent to testify against estate.*—Under the provisions of §553 Burns 1926, §500 R. S. 1881, where a witness has testified to a conversation between the witness and a party adverse to the estate, in the absence of decedent, then such adverse party is competent to testify concerning the same matter. p. 336.

4. WITNESSES.—*Overruling objection to testimony of defendant as a witness in his own behalf not the calling of the witness to testify under §554 Burns 1926.*—Overruling administrator's objection to the testimony of a party adverse to the estate is not equivalent to the exercise by the court of the discretion to require a party to an action by an administrator to testify, as provided by §554 Burns 1926, Acts 1883 p. 102. p. 336.

5. APPEAL.—*Failure of appellee to file brief treated as confession of error.*—Failure of appellee to file a brief will be treated as a confession of error when appellant's brief makes a *prima facie* showing of error. p. 338.

From Marion Circuit Court (25,823); *Harry O. Chamberlain,* Judge.

Action by Samuel J. Hensley, as administrator, against John D. Reichart. From a judgment for defendant, the plaintiff appeals. *Reversed.* By the first division.

*Joseph R. Morgan, Joseph B. Kealing* and *Martin M. Hugg,* for appellant.

*Emsley W. Johnson,* for appellee.

REMY, J.—Action by appellant, as administrator of the estate of Emma L. Rooker, deceased, to recover $1,800 alleged in the complaint to have been 1-4. loaned to appellee by appellant's decedent in her lifetime. On the trial, a witness for plaintiff testified that appellee, in the presence of witness, received the $1,800 from decedent. The date fixed by the witness as the date when the money was received was the same as averred in the complaint. To rebut this testimony, appellee, defendant below, as a witness in his own behalf, was permitted, over appellant's objection, to testify that he did not receive the money from de-

cedent as testified to by the witness for plaintiff. The competency of appellee to testify to such facts was challenged on the ground that the testimony was as to a transaction between witness and decedent which had taken place during the lifetime of decedent; witness being a party to the action, and whose interest was adverse to the estate. Clearly, appellee was not a competent witness as to the matter in respect to which he was permitted to testify. Section 276, Code of Civil Procedure (§551 Burns 1926, §498 R. S. 1881); *Wainwright Trust Co., Admr.,* v. *Stern* (1920), 72 Ind. App. 116, 125 N. E. 578, and cases cited. The fact that a witness for appellant, the plaintiff, had testified that appellee, in the presence of witness, had received the money from decedent, and had testified to the conversation which took place between appellee and decedent at the time, did not make appellee a competent witness to rebut the same. *Boram* v. *St. Joseph Loan, etc., Trust Co.* (1923), 80 Ind. App. 467, 141 N. E. 364; *Nelson, Admr.,* v. *Materton* (1891), 2 Ind. App. 524, 28 N. E. 731; *Castor* v. *McDole* (1923), 80 Ind. App. 556, 137 N. E. 889; *Allen* v. *Jones, Exr.* (1890), 1 Ind. App. 63, 27 N. E. 116; *Kibler, Admr.,* v. *Potter* (1895), 11 Ind. App. 604, 39 N. E. 525. If the witness had testified as to a conversation between herself and appellee in the absence of decedent, then, under §278 of the Code of Civil Procedure (§553 Burns 1926, §500 R. S. 1881), appellee would have been a competent witness to testify concerning the same matter. *Castor* v. *McDole, supra; Martin* v. *Martin* (1889), 118 Ind. 227, 20 N. E. 763. The action of the court in overruling appellant's objection to the testimony of appellee as a witness in his own behalf was not equivalent to the exercise by the court, of the judicial discretion given by §280 of the Code of Civil Procedure (§554 Burns 1926, Acts 1883 p. 102),

which provides that the court in its sound discretion may require a party to a suit of this character to testify. *Cupp* v. *Ayres* (1883), 89 Ind. 60. Since the question is governed by the provisions of the Code above cited, decisions of other jurisdictions need not be considered.

Appellant has filed a brief showing *prima facie* error. Appellee has filed no brief. Such failure on the part of appellee may be treated as a confession of error.

    5. *Wasman* v. *Dye* (1920), 73 Ind. App. 11, 126 N. E. 435.

Reversed.