BOWMAN *v.* BOWMAN

[No. 17,705. Filed March 17, 1948.]

*H. Wayne Baker,* of Bedford, attorney for appellant.

*Claude Raber,* of Danville, attorney for appellee.

FLANAGAN, J.—Appellee was granted an absolute divorce from appellant and this appeal followed. The sole assignment of error is the overruling appellant's motion for a new trial which challenges the sufficiency of the evidence and the rulings of the trial court on the introduction and exclusion of certain evidence.

The first proposition urged by appellant is that appellee failed to meet the requirements concerning proof of residence. The statute requires that the petitioner in a divorce proceeding be a bona fide resident of the county for six months and of the state for one year immediately preceding the filing of the petition and that such residence be proven to the satisfaction of the court by at least two witnesses who are resident householders of he state. § 3-1203, Burns' 1933.

On this point the petitioner may be a competent witness. *Thompson* v. *Thompson* (1921), 75 Ind. App. 415, 130 N. E. 655. In the instant case appellee ▮ testified as to her proper residence and the evidence discloses that she was a householder. In addition one John M. Lieske testified that he was a resident householder and gave the proper testimony as to appellee's residence. This was sufficient.

Appellant next contends that there was evidence showing that appellee was guilty of misconduct and was unfit to have the custody of the children. ▮ Such evidence was introduced but it was controverted. This court cannot weigh conflicting evidence.

Appellant says that the trial court erred in permitting appellee to introduce evidence concerning her residence as a part of her rebuttal. It is within the ▮ discretion of the trial court to admit original testimony out of its regular order and a cause will not be reversed for that reason unless it clearly appears that such discretion was abused. *Roush* v. *Roush* (1900), 154 Ind. 562, 55 N. E. 1017. There is no showing of an abuse of discretion in this case.

Finally appellant complains that the trial court refused to permit an eleven-year old child of the

parties to testify. During the trial appellant offered as a witness one Lois Bowman. She testified that she was the daughter of the plaintiff and defendant and was eleven years old. At this point appellee's attorney objected to the "further use" of the witness because of her age and the nature of the case. The objection was sustained. Children over ten years of age are competent witnesses. §§ 2-1713, 2-1714, Burns' 1933. *Holmes* v. *The State* (1882), 88 Ind. 145. We know of no authority vested in the trial court to exclude the testimony of this witness.

Appellant insists that no offer to prove was made and therefore no question can be presented here in connection with the exclusion of this testimony. Our Supreme Court has held, however, that where the objection taken is to the competency of the witness, no offer to prove is required. *State* v. *Hamer* (1937), 211 Ind. 570, 199 N. E. 589.

Judgment reversed with instruction to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 77 N. E. 2d 900.