Robert U. SATTERTHWAITE,
Appellant-Claimant,

v.

ESTATE of Charles C. SATTER-
THWAITE, Appellee-Personal
Administrator.

No. 2–480A108.

Court of Appeals of Indiana,
Fourth District.

May 13, 1981.

Rehearing Denied June 24, 1981.

John R. Browne, Jr., James R. Browne, Browne Torrance Spitzer Herriman & Browne, Marion, for appellant-claimant.

Dennis V. Panarisi, Carpenter & Panarisi, Marion, for appellee-personal administrator.

YOUNG, Presiding Judge.

Robert Satterthwaite appeals from an involuntary dismissal, Ind.Rules of Procedure, Trial Rule 41(B), of his claim against the estate of his father, Charles Satterthwaite. At issue here is the claim that Charles failed to devise some ninety acres of farm land to Robert, who had farmed the land with his father and had provided other services in reliance upon oral promises by Charles to devise the ninety acres to him. Charles died intestate. Robert filed his claim against the estate. The claim was denied. Before trial, Robert's mother, Maude Satterthwaite, transferred by quit-claim deed to Robert all her interest in the real estate of the decedent. At trial of the claim Robert questioned his mother about the promise. Her testimony was successfully blocked by an objection based upon competency. She would have testified that under his agreement with Robert, Charles had intended to devise the ninety acres to Robert. Robert attempted to testify concerning statements made by his brothers and sisters after Charles' death concerning his claim and also concerning improvements on the real estate during Charles' lifetime. Objection was sustained to this testimony also. He would have testified that they knew Robert had farmed the ninety acres, made various improvements on the property in reliance upon Charles' promise and would have told of the various improvements.

Robert appeals urging the trial court erred by sustaining the objection to Maude's testimony on the basis of her incompetency under the dead man's statutes.[1] Also, he argues the trial court erred by sustaining an objection to his testimony about the improvements and conversations with his brothers and sisters after the death of Charles.

Claims such as this are heard with some suspicion. Statutes have been enacted which are designed to protect the estates from invalid claims. One such statute is IC 34-1-14-6 which applies when a party seeks a judgment against an estate based upon an alleged transaction between the party and the decedent prior to his death. Cremer, *Indiana Dead Man's Statutes*, 3 Ind.Legal Forum 356, 357 (1969-70). IC 34-1-14-6 provides:

> In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator; any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate: Provided, however, That in cases where a deposition of such decedent has been taken, or he has previously testified as to the matter, and his testimony or deposition can be used as evidence for such executor or administrator, such adverse party shall be a competent witness for himself, but only as to any matters embraced in such deposition or testimony.

Based upon another such statute, the trial court ruled Maude was an incompetent witness because she was the grantor of a party. IC 34-1-14-10 prevents a person rendered incompetent under the dead man's statutes from transferring his interest in the matter to another person, in an attempt to remove the incompetency. Section 10 provides in part:

> In all cases in which executors, administrators, heirs or devisees are parties, and one of the parties to the suit shall be incompetent, as hereinbefore provided, to testify against them, then the assignor or grantor of a party making such assignment or grant voluntarily shall be deemed a party adverse to the executor or administrator, heir or devisee, as the case may be:
>
> . . . .

Applying this section of the act to Maude's status as a grantor under the statute, the estate argues she becomes a party whose interest was adverse to the estate and therefore, she was not a competent witness under Section 6.

Robert argues that this application is unnecessarily broad and does not implement the intent of the statute. We agree. Generally, the purpose of the dead man's statutes is to preserve decedent's estates from spurious claims. *Summerlot v. Summerlot*, (1980) Ind.App., 408 N.E.2d 820, 827. As an exception from the general rule that all persons are competent witnesses (IC 34-1-14-4) the dead man's statutes guard against false testimony by a survivor by establishing a rule of mutuality which requires, when the lips of one party to a transaction are closed by death, the lips of the other party are closed by law. 1A G. Henry, The Probate Law and Practice 158 (Grimes ed. 1978).

A witness is rendered incompetent under Section 6 when the following requirements are met.

a. The action must be one in which an administrator or executor is a party, or one of the parties is acting in the capacity of an administrator or executor;

b. It must involve matters which occurred within and during the lifetime of the decedent;

c. It must be a case in which a judgment or allowance may be made or ren-

---

1. Because of our disposition we do not reach Robert's issue of whether the trial court's application of these statutes was unconstitutional; also we do not reach the estate's argument that such issue was waived.

dered for or against the estate represented by such executor or administrator;

d. The witness must be a necessary party to the issue and not merely a party to the record;

e. The witness must be adverse to the estate and must testify against the estate.

30 I.L.E. *Witnesses* § 42 (1960); Flanagan, Wiltrout & Hamilton, Indiana Trial & Appellate Practice § 1893, Comment 1 (1952). Resolution of this case depends upon requirements of d and e.

■ "Party" as used in the statute means the witness must be a party to the issue, or if merely a party to the record then to be incompetent the witness must have an interest in the issue in favor of the party calling him and adverse to the estate. *Scherer v. Ingerman*, (1887) 110 Ind. 428, 12 N.E. 304; *Spencer v. Robbins*, (1886) 106 Ind. 580, 5 N.E. 726; *Citizens' State Bank v. Fountain Trust Co.*, (1932) 95 Ind.App. 2, 179 N.E. 190. A party to the issue means the parties between whom there is a controversy submitted to the court for trial, the parties who are litigating the particular issue against whom or for whom the court will render judgment. A party having an interest in the result is not automatically made a party to the issue. *Craig v. Norwood*, (1915) 61 Ind.App. 104, 108 N.E. 395, 399. If the party is merely one of record, it must appear that he has an interest in the suit in common with the party calling him. The statute should not be construed to give one party the power to deprive another of important testimony by making parties of those who have no adverse interest. *Spencer v. Robbins*, 5 N.E. at 730–31.

■ In our case Maude is not a party to the issue. She is not litigating the particular controversy and judgment will not be rendered for her or against her. Maude's status as an heir to the estate may make her a party to the record, but she is not a party litigating the issue here in controversy. The matters involved could have been fully, completely, and finally determined without Maude as a party. *Walker v. Steele*, (1889) 121 Ind. 436, 22 N.E. 142. Maude was an heir to the estate and has parted with her interest in the estate. Thus, she now has no interest which would render her incompetent.

■ An interest which would render a witness incompetent is one by which the witness will gain or lose by the direct legal operation of that judgment. 97 C.J.S. *Witnesses* § 170 (1957). The interest must be direct, present, certain and vested. It must be a real and legal interest. A bias or sentiment is not sufficient to cause a witness to be incompetent. 97 C.J.S. *Witnesses* § 168. The interest of the witness must be adverse to the estate. Therefore, Maude was not incompetent because of IC 34–1–14–6. Having transferred that interest, she has no interest which would render her incompetent. A witness who will be affected in a material sense by the success of a party is considered to favor that party. 97 C.J.S. *Witnesses* § 169. Maude's interest in the subject matter of the dispute before transferred here was not adverse to the estate, "but in accord with it." *Walker v. Steele*, 22 N.E. at 143; *Lewis v. Buskirk*, (1896) 14 Ind.App. 439, 42 N.E. 1118.

The estate also argues Maude was incompetent by reason of IC 34–1–14–10 because she transferred her interest in the estate to Robert. One purpose of Section 10 is to prevent one rendered incompetent by any other sections of the dead man's statute, from removing such incompetency by transferring his interest in the matter to another person. 3 Ind.Legal Forum 356, 371. The policy of the law prevents a party, on finding he is precluded from presenting evidence, from transferring his interest to another and thereby making himself a competent witness. 1A Henry, Probate Law 179. Maude was not rendered incompetent by other sections of the dead man's statutes. Her grant to Robert does not make her incompetent within the intent of this section and its application to IC 34–1–14–6.

■ Robert also claims error in the trial court's ruling precluding testimony concerning a meeting after the death of Charles

attended by the claimant, heirs, administrator and his attorney. Robert asserts the purpose of this testimony was to show knowledge by the other heirs of the agreement with his father and the lack of objection thereto establishing an admission by conduct and not to prove the contractual relationship. Appellee argues that the subject of the meeting is the substance of the claim and is inadmissible under IC 34-1-14-6. The trial court did not err in excluding the testimony relating to the substance of the claim discussed at the meeting. The knowledge and lack of objection to the claim are not probative of the existence of an agreement and are an attempt to establish indirectly what Robert is prevented from establishing directly.

 Robert also complains that the trial court erred by holding him incompetent to testify as to improvements made upon the residence. He contends this testimony was collateral to his claim. The estate argues that the testimony was related to the claim and Robert was properly prevented from testifying. The statute does not exclude evidence, it prevents a particular class of witnesses from testifying as to claims against the estate. *See State v. Hamer*, (1936) 211 Ind. 570, 199 N.E. 589, 594. If the improvements relate to the claim, Robert would be incompetent. Robert's claim specifically states the agreement was to devise 90 acres providing claimant farmed and maintained and improved the dwelling. As this relates directly to the claim Robert is incompetent by virtue of IC 34-1-14-6. The evidence would be relevant to show reliance upon the agreement, but also directly relates to the terms of the agreement and since Robert is incompetent, he cannot testify.

Having concluded Maude should have been permitted to testify, and reversal is necessary we now examine appellee's arguments that the dismissal should nonetheless be affirmed.[2] The estate raises the following issues:

1. Whether, irrespective of the resolution of the foregoing issues, the Claimant is barred from recovery in any event pursuant to Indiana Code 32-2-1-1, Fourth, relating to the unenforceable character of oral contracts for the sale of real estate, as such statute applies to oral contracts to devise real estate?

2. Whether, irrespective of the resolution of the foregoing issues, the Claimant is barred from recovery in any event pursuant to Indiana Code 34-1-2-1, First, Indiana Code 34-1-2-10, and Indiana Code 29-1-14-1(b), relating to the six year statute of limitations for contracts not in writing and the application of such statute of limitations to the claim filed against the estate?

3. Whether, the Claimant's offer to prove as to the excluded testimony of the witness Maude Satterthwaite was not a fair and accurate representation of what such witness would have stated, had she been permitted to testify?

4. Whether, the Claimant's offers to prove as to excluded testimony were legally sufficient to preserve any alleged error committed by the trial court in excluding such evidence?

 The estate argues Robert's claim is barred by the Statute of Frauds, IC 32-2-1-1. Part performance will be sufficient to remove a contract from the operation of the statute. *Horner v. McConnell*, (1902) 158 Ind. 280, 63 N.E. 472; *Dupont Feedmill Corp. v. Standard Supply Corp.*, (1979) Ind.App., 395 N.E.2d 808, 811. The evidence to show performance on the part of Robert in reliance on the promise of his father consisted of possession of the farm and house, some improvements thereon and the conducting of farming operations on the land. Such is sufficient to establish a prima facie case under the part performance doctrine.

 The estate also argues the claim is barred by the statute of limitations IC 34-

---

2. Robert argues the estate may not raise these issues on appeal having filed no Motion to Correct Errors. The estate has properly raised the issue in the brief. Ind.Rules of Procedure, Trial Rule 59(F)(2).

1-2-1. Determination of this issue depends upon the time the cause of action accrued. In *Hopkins v. Ratliff*, (1888) 115 Ind. 213, 17 N.E. 288, it was held that the date of death is the date of breach of a lifetime contract to devise because the will cannot speak until the testator's death. The claim was made within six months of Charles' death. This is certainly within the time allowed to bring such an action.

■ Having decided that reversal and a new trial are necessary, it is not necessary for us to discuss the adequacy of the offers to prove. However, we do note that an offer to prove is not required as to Maude's testimony. The rule has long been that "where the objection is to the right of the witness to testify at all, the party introducing such witness need not state what he expects to prove by him, as the question for the court to pass upon in such a case is not as to the competency of his testimony, but as to the competency of the witness himself." *Sullivan v. Sullivan*, (1893) 6 Ind. App. 65, 32 N.E. 1132, 1133; also *State v. Hamer*, 199 N.E. 589; *Henderson v. State*, (1954) 233 Ind. 598, 122 N.E.2d 340. *Bowman v. Bowman*, (1948) 118 Ind.App. 137, 77 N.E.2d 900. The objection here was to the competency of Maude as a witness.

We reverse and remand for a new trial

CHIPMAN and MILLER, JJ., concur.