**J.M. CORPORATION, Ralph J. Reed, R. Jeffrey Reed, and Mark R. Reed, Appellants–Defendants,**

v.

**Vickie Sue ROBERSON, Executrix, Estate of Victor E. Powers, Deceased, Appellee–Plaintiff.**

No. 48A05–0010–CV–439.

Court of Appeals of Indiana.

May 9, 2001.

Patrick R. Ragains, Anderson, IN, Attorney for Appellants.

Robert M. Crane, Anderson, IN, Attorney for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Defendants–Appellants J.M. Corporation, Ralph J. Reed, R. Jeffrey Reed and Mark R. Reed (collectively "Defendants") appeal from the trial court's order granting summary judgment in favor of Plaintiff–Appellee Vickie Sue Roberson, Executrix ("Roberson") of the Estate of Victor E. Powers, deceased ("the Estate") in an

action brought by Roberson on behalf of the Estate to enforce a promissory note.

We affirm in part, and reverse and remand in part.

## ISSUES

We restate the issue presented to us by Defendants as the following issues:

1. Whether the trial court erred by striking the affidavits of Ralph J. Reed and Mark R. Reed as incompetent evidence pursuant to the Dead Man's Statutes.

2. Whether the trial court erred by issuing its order granting Roberson's motion for summary judgment regarding Defendants' liability on the promissory note.

## FACTS AND PROCEDURAL HISTORY

On January 19, 1995, Roberson, as the executrix of the Estate, brought an action against the Defendants to enforce a promissory note allegedly executed by them on June 22, 1992, wherein they promised to pay the decedent the sum of $100,000.00 within two years. In their answer, filed on June 13, 1995, Defendants asserted a general denial, lack of consideration, and possible partial payment of an unknown amount. Defendants did not deny under oath execution of the note, thereby admitting execution under Ind. Trial Rule 9.2(B).

On February 11, 1997, Roberson filed a motion for summary judgment and designated to the trial court the note and an affidavit sworn by her reciting that the note had not been satisfied and establishing the amount then due on the note, as materials in support of the motion for summary judgment. Defendants filed their Response to Plaintiff's Motion for Summary Judgment, as well as affidavits of Ralph J. Reed and Mark R. Reed, in addition to several exhibits. On May 24,

2000, Roberson filed her Motion to Strike Defendant's Response to Motion for Summary Judgment. The basis for that motion was that as necessary parties to the actions, the Defendants were not competent witnesses because their interests were adverse to the decedent's interests. Therefore, Roberson argued, their affidavits constituted incompetent evidence according to the provisions of the Dead Man's Statutes. Also on that date, the trial court heard argument on the motions. The trial court granted Roberson's Motion to Strike Defendant's Response to Summary Judgment on June 27, 2000. On July 12, 2000, the trial court issued its order granting Roberson's motion for summary judgment. Defendants appeal from this order.

## DISCUSSION AND DECISION

### I. DEAD MAN'S STATUTE; IND. CODE § 34-45-2 ET SEQ.

Defendants argue that the trial court erred by granting Roberson's Motion to Strike Defendants' Response. In part, they argue that Roberson waived the applicability of the statute by filing an affidavit of her own concerning the balance due on the promissory note along with her motion for summary judgment. In addition, they argue that she was really decedent's agent; therefore, their testimony was competent pursuant to the Dead Man's Statutes.

Indiana Code § 34-45-2-4 provides as follows:

(a) This section applies to suits or proceedings:

(1) in which an executor or administrator is a party;

(2) involving matters that occurred during the lifetime of the decedent; and

(3) where a judgment or allowance may be made or rendered for or against the

estate represented by the executor or administrator.

(b) Except as provided in subsection (c), a person:

(1) who is a necessary party to the issue or record; and

(2) whose interest is adverse to the estate; is not a competent witness as to matters against the estate.

(c) In cases where:

(1) a deposition of the decedent was taken; or

(2) the decedent has previously testified as to the matter; and the decedent's testimony or deposition can be used as evidence for the executor or administrator, the adverse party is a competent witness as to any matters embraced in the deposition or testimony.

■ Generally, when an executor or administrator of an estate is one party, the adverse parties are not competent to testify about transactions that took place during the lifetime of the decedent. *See Senff v. Estate of Levi*, 515 N.E.2d 556, 558 (Ind.Ct.App.1987); Ind.Code § 34–45–2–4. Furthermore, the general purpose of the statutes is to protect decedents' estates from spurious claims. *See State Farm Life Ins. Co. v. Fort Wayne Nat'l Bank*, 474 N.E.2d 524, 526 (Ind.Ct.App.1985). The Dead Man's Statutes guard against false testimony by a survivor by establishing a rule of mutuality, wherein the lips of the surviving party are closed by law when the lips of the other party are closed by death. *Id.*

■ We have held that the Dead Man's Statutes apply to all cases in which a judgment may result for or against the estate, notwithstanding the parties' positions as plaintiff or defendant. *Id.* at 527. In addition, neither the express language of the statutes nor accepted concepts of fairness should preclude application of the statutes

so long as no statements made by the decedent are admitted through depositions or public records made during his life. *Id.*

■ The mere taking of a deposition does not waive the applicability of the Dead Man's Statutes. *See Taylor v. Taylor*, 643 N.E.2d 893, 895 (Ind.1994). Nor does requesting an admission constitute a waiver of the incompetency of the witness receiving that request. *Id.* But, when a party uses a deposition or admissions in court, the party is in fact using the information for an evidentiary purpose. *Id.* If the deposition testimony concerns matters within the scope of the Dead Man's Statutes, then the party who offered the deposition testimony into evidence has waived the incompetency of the witness, because that party has relinquished the benefit bestowed by the statutes. *Id.* While the purpose of the Dead Man's Statutes is to put the surviving party on equal footing with the decedent with respect to matters that occurred during the decedent's lifetime, *See Johnson v. Estate of Rayburn*, 587 N.E.2d 182, 185 (Ind.Ct.App.1992) (superseded by statute on other grounds as recognized in *Gipperich v. State*, 658 N.E.2d 946 (Ind.Ct.App.1995)), the application of the statutes is limited to circumstances in which the decedent, if alive, could have refuted the testimony of the surviving party.

■ Where the trial court rules on witness competency the ruling will not be reversed absent a clear abuse of the trial court's discretion. *See Id.* at 184. An abuse of discretion will be found when the ruling is against the logic and effect of the facts and circumstances before the trial court. *Id.*

■ In this situation, the Defendants' position is adverse to that of the Estate and Roberson's is in favor of the Estate. Roberson, on behalf of the Estate and

serving as executrix of the Estate, is attempting to collect money from Defendants on a note they negotiated with the decedent. A judgment could be entered for the Estate, and in fact was entered for the Estate. The subject of the cause of action was a transaction that occurred during decedent's life, the signing of the promissory note. Defendants are necessary parties to the issue because they are parties to the promissory note. There is no evidence that the decedent made a deposition or public statement about the promissory note. Nor was a deposition or a public statement offered by Roberson purporting to be that of the decedent in the present matter.

▮ The materials Roberson designated to the trial court in support of her motion for summary judgment did not waive the applicability of the Dead Man's Statutes. As Ind.Code § 34–45–2–4(c) indicates, it is the use of a decedent's deposition or public statement that allows otherwise incompetent testimony regarding the subject matter discussed in the deposition or public statement to become competent evidence. Because the matters included in the affidavits tendered by Defendants were matters about which the decedent, if alive, could have refuted, and Defendants' position is adverse to that of the decedent, and, therefore, the Estate, they are incompetent to testify. The trial court was correct in determining that Defendants were incompetent to testify, and that Roberson did not waive the benefit of the provisions of the Dead Man's Statutes.

▮ Defendants argue that the trial court erred because Roberson was an agent of the decedent. We disagree with this characterization.

Ind.Code § 34–45–2–6 provides as follows:

(a) This section applies:

(1) when an agent of a decedent testifies on behalf of an executor, administrator, or heirs concerning any transaction the agent had:

(A) with a party to the suit, or the party's assignor or grantor; and

(B) in the absence of the decedent; or

(2) if any witness testifies on behalf of the executor, administrator, or heirs, to any conversation or admission of a party to the suit, or the party's assignor or grantor, made in the absence of the deceased.

(b) The party against whom the evidence is adduced, or the party's assignor or grantor, is competent to testify concerning the matters described in subsection (a).

▮ In order to render an agent incompetent under this section, the agent must have actively negotiated an agreement on his principal's behalf. *See State Farm,* 474 N.E.2d at 527. Furthermore, this section does not require that the proffered witness possess an interest adverse to the estate. *Id.* It is sufficient that he actively represented his principal in making or continuing the contract. *Id.*

Roberson, in her capacity as executrix of the Estate, brought the action against Defendants on behalf of the Estate. While Roberson's interest is in favor of the Estate after decedent's death, that does not lead one necessarily to the conclusion that Roberson was decedent's agent during his life. Ind.Code § 34–45–2–6 provides that when an agent of the decedent testifies on behalf of the executor of an estate regarding a transaction the agent had with a party to the suit, then the party against whom the evidence is adduced is competent to testify. In the present case, that section is inapplicable because it was the decedent, not Roberson, who negotiated the promissory note with Defendants. Ro-

berson was not a party to the transaction, nor was she an agent of a party to the transaction. Her role as executrix of the Estate is to enforce the promissory note she found among the decedent's effects. Therefore, the testimony contained in Roberson's affidavit is not offered as the testimony of an agent of the decedent, but as the executrix of the Estate. In such circumstances, the executrix is a competent witness. *See Bischof v. Mikels,* 147 Ind. 115, 118, 46 N.E. 348, 349 (1897). Our supreme court has held that a widow, who was also administratrix of the decedent's estate, was competent to testify where she was a necessary party to the issue of the lawsuit, and her interest was in favor of the estate. *See Cincinnati, Hamilton & Indianapolis Railroad Co. v. Cregor,* 150 Ind. 625, 629, 50 N.E. 760, 761 (1898).

The trial court correctly granted Roberson's Motion to Strike due to witness incompetence pursuant to the Dead Man's Statutes. We find no abuse of discretion here.

## II. PROPRIETY OF ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Defendants also argue that the trial court erred by granting Roberson's motion for summary judgment. We agree.

The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *LeBrun v. Conner,* 702 N.E.2d 754, 756 (Ind.Ct.App. 1998). The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact. Ind.Trial Rule 56(C); *Campbell v. Criterion Group,* 613 N.E.2d 423, 428 (Ind. Ct.App.1993), *on reh'g* 621 N.E.2d 342. Once the moving party makes a prima facie showing of the non-existence of a genuine issue of material fact, the burden shifts to the non-moving party to set forth

specific facts showing the existence of a genuine issue for trial. T.R. 56(E); *Campbell,* 613 N.E.2d at 428. We must construe all designated evidence liberally in favor of the non-moving party and resolve any doubt against the moving party. *Porter v. Irvin's Interstate Brick & Block Co., Inc.,* 691 N.E.2d 1363, 1364 (Ind.Ct. App.1998).

Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Aide v. Chrysler Financial Corp.,* 699 N.E.2d 1177, 1180 (Ind.Ct.App.1998), *trans. denied.* Where material facts conflict, or undisputed facts lead to conflicting material inferences, summary judgment is inappropriate. *Butler v. City of Indianapolis,* 668 N.E.2d 1227, 1228 (Ind.1996). Summary judgment may not be used as a procedural device to avoid a trial on claims that are perceived to be weak. *Yin v. Society National Bank Indiana,* 665 N.E.2d 58, 65 (Ind.Ct.App.1996), *trans. denied; Campbell v. Railroadmen's Federal Savings and Loan Association of Indianapolis,* 443 N.E.2d 81, 84 (Ind.Ct.App.1982).

On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with the presumption of validity. *See Indiana Bd. Of Public Welfare v. Tioga Pines,* 622 N.E.2d 935, 939–940 (Ind.1993), *cert. denied,* 510 U.S. 1195, 114 S.Ct. 1302, 127 L.Ed.2d 654 (1994). The party appealing from an order granting a motion for summary judgment has the burden of persuading the appellate tribunal that the decision to issue the order granting summary judgment was erroneous. *See Department of Revenue v. Caylor–Nickel Clinic,* 587 N.E.2d 1311, 1313 (Ind.1992). On review, we face the same issues that were before the trial

court and follow the same process. *Id.* All properly asserted facts and reasonable inferences should be resolved against the movant. *Belford v. McHale, Cook & Welch,* 648 N.E.2d 1241, 1244 (Ind.Ct.App. 1995), *trans. denied.* The appellate court may not reverse the entry of summary judgment on the ground that a genuine issue of material fact exists unless the material fact and the evidence relevant thereto were designated specifically to the trial court. Ind. Trial Rule 56(H). Furthermore, we will sustain the trial court's decision to grant a motion for summary judgment if it is sustainable by any theory or basis found in the record. *See Ward v. First Indiana Plaza Joint Venture,* 725 N.E.2d 134, 136 (Ind.Ct.App.2000).

█ Additionally, it should be noted that no appellee's brief was filed. When the appellee fails to file a brief, the Court of Appeals may reverse if the appellant makes a prima facie showing of reversible error. *City of South Bend v. Bowman,* 434 N.E.2d 104, 105 (Ind.Ct.App.1982).

Roberson was successful in striking the affidavits of Defendants. Therefore, the evidence before the trial court for consideration of the motion for summary judgment was the 1992 promissory note and Roberson's affidavit. We turn to those designated materials to determine whether the trial court was correct in finding that Roberson was entitled to summary judgment.

█ In Roberson's Affidavit Of Balance Due For Summary Judgment she states that she is the executrix of the Estate, and that among the decedent's effects at his death was the promissory note dated June 22, 1992, at issue in the present case. However, Roberson further states, that the note is in default by its own terms because no payments were made. (R. 17). Additionally, Roberson states that the bal-

ance due on the note is the principal, $100,000.00 plus interest. *Id.*

█ Ind. Trial Rule 56(E) requires that supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts that would be admissible in evidence, and that the affiant is competent to testify to the matters asserted therein. Roberson's affidavit fails to establish that she would be competent to testify that there had been no payments on the promissory note, or that she could establish her personal knowledge of the balance due on the promissory note. Therefore, Roberson has failed to meet her burden of establishing the non-existence of a genuine issue of material fact.

We hold that the trial court erred by issuing its order granting summary judgment in Roberson's favor.

### CONCLUSION

The trial court correctly applied the Dead Man's Statutes to strike Defendants' affidavits. Defendants interests are adverse to those of the Estate, and the affidavits contained evidence that would be inadmissible at trial because they involved matters about which the decedent, if alive, could have refuted. However, the trial court erred by issuing its order granting summary judgment in Roberson's favor. Roberson's affidavit was defective in that it contained inadmissible hearsay. Without the hearsay statements Roberson could not prove that she was entitled to summary judgment.

We hold that the trial court correctly excluded Defendants' affidavits on the basis of the Dead Man's Statutes. However, we reverse the trial court's order granting summary judgment in favor of Roberson and remand this matter to the trial court for trial.

Affirmed in part, and reversed and remanded in part.

MATTINGLY–MAY and ROBB, JJ., concur.