**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRADLEY J. ADAMSKY**
Newby, Lewis, Kaminski & Jones, LLP
La Porte, Indiana

ATTORNEY FOR APPELLEE:

**MICHAEL V. KNIGHT**
Barnes & Thornburg, LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FAYAZZ CHOWDHRY, | ) | |
| | ) | |
| Appellant-Claimant, | ) | |
| | ) | |
| vs. | ) | No. 46A05-1103-EU-118 |
| | ) | |
| ESTATE OF MUSTANSAR L. CHAUDHRY, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |
| | ) | |

APPEAL FROM THE LA PORTE CIRCUIT COURT
The Honorable Thomas Alevizos, Judge
Cause No. 46C01-0601-EU-015

**February 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Fayazz Chowdhry ("Fay") appeals the trial court's grant of the motion to dismiss filed by the representatives of the Estate of Mustansar Chaudhry ("Mus").[1] Upon review, we find that the evidence supports the trial court's conclusion that Fay failed to prove that he performed the obligations as set forth in the agreements at issue, he owned the mobile homes alleged, or he suffered damages. We also conclude that the Dead Man's Statute was applicable and not waived by the Estate. We affirm.

**Facts and Procedural History**

Brothers Fay and Mus had a business relationship with regard to two properties in northern Indiana, Friendly Acres Mobile Home Park ("MHP") and Rosedale Motel. Both properties were owned by Mus. During the early 1990's, Fay began to work for his brother at the motel and MHP. In 1995, the brothers entered into an agreement that provided for Fay's compensation for managing the motel and MHP. The agreement did not state when it would terminate. By 2002, Fay no longer managed MHP, and on June 5, 2002, the brothers entered into a second agreement with another party, Mark Stanz, who assumed managerial functions of MHP.

The 2002 agreement provided that Fay would collect rent from certain MHP tenants and pay a lot rental fee of $135.00 for the home in which he lived. Appellant's App. p. 26. The agreement also provided that Fay, at his own expense, would refurbish and prepare a number of mobile homes for rental. If and when those homes were rented,

---

[1] The record reflects discrepancies in the spelling of the parties' names, and Fay's last name is repeatedly noted in the transcript as "Chaudhry." However, when testifying, Fay stated that his last name is spelled "Chowdhry." Tr. p. 109. We adopt the spelling of the names provided by the parties in their appellate materials.

Fay was to receive an additional $125.00 per month. The 2002 agreement, like its predecessor, did not state when it would terminate, nor did it state that a period of notice was required before termination.

Some time after the 2002 agreement was signed, the brothers' business relationship began to deteriorate. Fay did not make the specified repairs, and a number of mobile homes fell into disrepair. These homes were later condemned, and MHP incurred fines and other expenses to remove them. Fay also failed to pay the required lot rental fee, and eviction proceedings were initiated against him.

Mus died in October 2005. Six months later, Fay filed a breach of contract claim against his brother's Estate, claiming that he had not been financially compensated as required by the contracts. Fay also claimed that he had sustained personal injury while employed by Mus and was deprived of mobile homes he owned.[2] Appellant's App. p. 22. A bench trial was held on July 29, 2010. The Estate successfully invoked the Dead Man's Statute to exclude testimonial evidence from Fay regarding matters that occurred before Mus' death. Tr. p. 108. At the close of Fay's evidence, the Estate moved for involuntary dismissal of the case pursuant to Trial Rule 41(B).

When discussing the motion, the court discovered that Fay's deposition had been included in a binder of stipulated exhibits, though it had not been discussed at trial or read by the trial court. *Id.* at 155-57. The parties informed the court that the deposition had been included for convenience purposes in case the court ruled that the Dead Man's Statute did not apply. *Id.* at 158. Because the Dead Man's Statute had been found

---

[2] At trial, counsel informed the court that Fay was "not pursuing [the personal injury claim]." Tr. p. 103.

3

applicable, the parties agreed to remove the deposition from the stipulated exhibits. *Id.*
The parties also agreed that any reference to the deposition in the Estate's 41(B) motion
would be removed. *Id.*

The trial court granted the Estate's motion to dismiss and entered detailed findings
of fact and conclusions of law thereon. In pertinent part, the trial court found that the
1995 agreement was valid and enforceable until it was incorporated into the 2002
agreement. Appellant's App. p. 16. The court noted that because neither agreement had
specified duration, both were terminable at will. *Id.* With respect to Fay's claims against
the Estate, the trial court found that Fay had failed to prove: (1) he had performed his
obligations as set forth in the agreements, (2) the Estate had not performed; (3) he had
suffered damages; and (4) he owned the mobile homes at issue. *Id.* at 16-17, 20. The
trial court explained that Fay had been the first to breach the agreement, and for "th[at]
reason alone Fay is not entitled to recover alleged damages . . . ." *Id.* at 17. With regard
to compensation and damages, the trial court explained that while Fay had relied on
testimony regarding financial records of MHP and the motel, those records were
incomplete, and as such, did not establish that payment did not occur. *Id.* at 18.

Fay filed a motion to reconsider in December 2010, which was denied. Fay now
appeals.

**Discussion and Decision**

On appeal, Fay contends that the trial court erred by granting the Estate's motion
to dismiss as the evidence does not support the trial court's findings of fact and
conclusions of law. Fay also argues that the trial court abused its discretion by limiting

4

his testimony according to the Dead Man's Statute, which he claims was subsequently waived by the Estate.

Initially, the Estate argues that Fay has waived these claims by way of his failure to "support his arguments with cogent reasoning, citations [to] the record and with citations to authority." Appellee's Br. p. 5. While Fay indeed fails to offer legal support for a number of his contentions, we prefer to decide cases on their merits. For this reason, we proceed to address the substance of Fay's appellate claims.[3]

### I. 41(B) Motion to Dismiss

Fay first contends that the trial court erred in dismissing his case pursuant to Trial Rule 41(B), which permits involuntary dismissal of an action where "the weight of the evidence and the law" show no entitlement to relief.

A trial court's grant or denial of a motion to dismiss according to Trial Rule 41(B) is reviewed under the clearly erroneous standard. *Thorton-Tomasetti Eng'rs v. Indianapolis-Marion Cnty. Pub. Library*, 851 N.E.2d 1269, 1277 (Ind. Ct. App. 2006). In reviewing a motion for involuntary dismissal, we do not reweigh evidence or assess witness credibility. *Id.* We will reverse only where "evidence is not conflicting and points unerringly to a conclusion different from the one reached by the lower court." *Id.* (citing *Chemical Waste Mgmt. of Ind., L.L.C v. City of New Haven*, 755 N.E.2d 624, 635

---

[3] However, to the extent Fay argues on appeal that the agreements should be treated as lease agreements, rather than employment agreements, Appellant's Br. p. 16-17, we find this claim waived. *Stainbrook v. Low*, 842 N.E.2d 386, 396 (Ind. Ct. App. 2006) (stating that an appellant who raises an issue for the first time on appeal waives the issue), *trans. denied*. Fay's argument that this issue was not waived because "the record is replete with references to the two contracts and the collection of rents and royalties to be paid," is unpersuasive. The dispositive consideration is not whether facts supporting an issue were before the trial court, but whether the party asserting a legal theory placed that theory before the court.

(Ind. Ct. App. 2001)).

Fay argues that the trial court committed clear error by finding that he did not prove his claims, particularly his claim that he was owed money under the agreements. This decision was error, Fay claims, because "the contracts, testimony, and additional documents established that Fay[] was not fully compensated . . . ." Appellant's Br. p. 12.

The record shows that Fay did not repair, refurbish, or maintain mobile homes as he was required to do. Tr. p. 84-85. The record similarly shows that Fay did not pay the lot rent as required. *Id.* at 76. This evidence supports the trial court's finding that Fay breached the agreement, and as a result, he was not entitled to seek damages under the contracts. *See* Appellant's App. p. 17. Further, with regard to damages, Fay failed to establish that he was owed money. Though he continually points to financial records of MHP and the motel as proof of his claims, the record indicates that these financial reports were incomplete. Tr. p. 82, 123. Finally, the evidence presented by Fay regarding his alleged ownership of mobile homes at MHP was contradicted by another witness, and the evidence presented by the Estate established that Fay had not been deprived of the homes he alleged were his; rather, he abandoned them.[4] *Id.* at 130; *see also* Appellant's Br. p. 16.

This evidence supports the trial court's conclusion that Fay failed to present evidence to prove his claims. The court did not err in granting the Estate's motion to dismiss.

## II. Dead Man's Statute

---

[4] Fay also claims that the trial court erred by concluding "Even assuming Fay proved damages, as a matter of law the MHP . . . could off-set any such damage." Appellant's App. p. 20. This conditional conclusion has no effect as the trial court found, and we agree, that Fay failed to prove damages.

6

We turn now to Fay's argument that the trial court erred in limiting his testimony under Indiana's Dead Man's Statute. Fay contends that the Estate did not dispute the validity of the two contracts and that he overcame the presumption of incompetence by presenting a prima facie case in support of his claims. Further, Fay argues that the Estate waived the applicability of the Dead Man's Statute by "taking his deposition during the discovery process" and including certain documents in a binder of stipulated exhibits. Appellant's Br. p. 10.

Where, as here, the trial court rules on witness competency, the ruling will not be reversed absent a clear abuse of discretion. *J.M. Corp. v. Roberson*, 749 N.E.2d 567, 571 (Ind. Ct. App. 2001). We will reverse only if the ruling is against the logic and effect of the facts and circumstances before the court. *Id.*

> Indiana Code section 34-45-2-4 provides in relevant part:
>
> (a) This section applies to suits or proceedings:
>     (1) in which an executor or administrator is a party;
>     (2) involving matters that occurred during the lifetime of the decedent; and
>     (3) where a judgment or allowance may be made or rendered for or against the estate represented by the executor or administrator.
>                         *    *    *    *    *
> (d) Except as provided in subsection (e), a person:
>     (1) who is a necessary party to the issue or record; and
>     (2) whose interest is adverse to the estate;
> is not a competent witness as to matters against the estate.

The primary purpose of the Dead Man's Statute is to "ensure that when one party to a transaction has had her lips sealed by death the other party's lips are sealed by law." *Taylor v. Taylor*, 643 N.E.2d 893, 896 (Ind. 1994) (citing *Johnson v. Estate of Rayburn*, 587 N.E.2d 182 (Ind. Ct. App. 1992), *superceded by statute on other grounds*). By

7

rendering certain parties legally incompetent to testify in matters involving the decedent, the statute "put[s] the surviving party on equal footing with the decedent with respect to matters that occurred during the decedent's lifetime." *Johnson*, 587 N.E.2d at 185. This aims to protect a decedent's estate from "spurious claims." *Id.* at 184 (citing *State Farm Life Ins. Co. v. Fort Wayne Nat'l Bank*, 474 N.E.2d 524, 526 (Ind. Ct. App. 1985)). Ultimately, Indiana's Dead Man's Statute is a "rule[] of fairness and mutuality." *Id.* (citing *State Farm Life Ins. Co.*, 474 N.E.2d at 526; *Satterthwaite v. Estate of Satterthwaite*, 420 N.E.2d 287, 289 (Ind. Ct. App. 1981), *reh'g denied*). "The application of the statute is limited to circumstances in which the decedent, if alive, could have refuted the testimony of the surviving party." *Johnson*, 587 N.E.2d at 185.

"We have held that neither the express language of the statute[] nor accepted concepts of fairness should preclude application of the statutes so long as no statements made by the decedent are admitted through depositions or public records made during his life." *J.M. Corp.*, 749 N.E.2d at 571. "The mere taking of a deposition does not waive the applicability of the Dead Man's Statute[]." *Id.* (citing *Taylor*, 643 N.E.2d at 895). When a party uses a deposition or admissions in court, however, the information is being used for an evidentiary purpose. *Id.* If the deposition testimony relates to matters within the purview of the Dead Man's Statute, then the offering party has waived the incompetency of the witness. *Id.*

In this situation, the Estate is a party, the case involves matters that occurred during Mus's life, and a judgment could have been rendered against the Estate. Also critically, Fay is a necessary party to the record because he is a party to the contract at

8

issue, and his position is adverse to that of the Estate. The Dead Man's Statute indeed renders Fay an incompetent witness as to matters against the Estate that occurred before Mus's death.

Nonetheless, Fay argues that the trial court erred by limiting his testimony under the Dead Man's Statute because the Estate did not dispute the validity of the two contracts and because he overcame the presumption of incompetence by presenting a prima facie case in support of his claims concerning compensation and reimbursement. We disagree. Notwithstanding the Estate's position regarding the validity of the two agreements, we have already concluded that Fay failed to offer evidence at trial to support his claims. Fay was not entitled to offer testimony on this basis.

Fay proffers two claims with regard to waiver of the Dead Man's Statute. Because we have held that the mere taking of a deposition will not waive the applicability of the Dead Man's Statute, we reject Fay's contention that the Estate waived their objection to his testimony by "taking his deposition during the discovery process . . . ." Appellant's Br. p. 10. Fay's second challenge is predicated on his claim that the Estate "included within their exhibits documents and correspondence from Mus[] challenging the money owed to Fay[]." *Id.* Fay does not explain why this inclusion of correspondence operates as a waiver of the Dead Man's Statute. *Id.* at 11-12. Because he offers no argument to this effect, and no legal support for this contention, we decline to find that this inclusion served as a waiver of the Dead Man's Statute.

The trial court did not err by granting the Estate's motion to dismiss, nor did it err in limiting Fay's testimony according to the Dead Man's Statute.

9

Affirmed.

FRIEDLANDER, J., and DARDEN, J., concur.